IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| ROYCE RIVERA,<br><br>    Plaintiff,<br><br>    vs.<br><br>STATE OF HAWAIʻI; DEPARTMENT OF PUBLIC SAFETY; WANDA CRAIG, individually and in her official capacity; JEFF CABRAL, individually and in his official capacity; DOE PARTNERSHIPS 1-10; and DOE CORPORATIONS 1-10,<br><br>    Defendants. | Case No. 20-cv-00497-DKW-KJM<br><br>**ORDER GRANTING ENTITY DEFENDANTS' MOTION TO DISMISS** |

Plaintiff Royce Rivera's suit stems from injuries sustained when a tractor lawn mower ran over part of his body while he was an inmate at a state correctional facility. For these injuries, he seeks to hold liable the State of Hawaiʻi (the "State"), the Hawaiʻi Department of Public Safety ("DPS" and, together with the State of Hawaiʻi, "State Defendants"), the warden of the facility at which he was injured, as well as the correctional officer whose conduct allegedly caused the injury. The State Defendants have moved to dismiss, arguing the Eleventh Amendment to the United States Constitution immunizes them from all claims. The Court agrees, and, for the reasons articulated below, the State Defendants' motion to dismiss is GRANTED.

1

## **RELEVANT BACKGROUND**

Rivera alleges that while an inmate at Kulani Correctional Facility near Hilo, Hawaii, he was severely injured when a lawn mower tractor ran over part of his body. Dkt. No. 1 at 3–11. He alleges that, because the lawn mower did not have a key, it had to be jump started each time it was used. *Id.* at 5–6. On November 19, 2018, while Defendant Jeff Cabral and Rivera were attempting to jump start the mower, Rivera was standing to the side of the mower to access the mower's start switch. *Id.* Someone had, apparently, left the mower in gear, so that, once the mower started, it immediately began to move. *Id.* at 6. Rivera's foot got caught under one of the mower's tires, causing him to fall to the ground. *Id.* The mower proceeded to roll over Rivera's legs and pelvis, causing severe injuries for which Rivera needed extensive medical attention. *Id.* at 6–11.

On April 29, 2021, the State Defendants filed a motion to dismiss, arguing they are immune from suit pursuant to the Eleventh Amendment to the United States Constitution. Dkt. No. 11-1. The Court set a hearing on the motion for June 10, 2021. Dkt. No. 12. Pursuant to Local Rule, Rivera had until May 20, 2021 to respond to the State Defendants' motion. *See* LR 7.2 (requiring any response to be filed "at least twenty-one (21) days prior to the date of the hearing"). Rivera failed to file a response by that deadline or anytime thereafter. After briefing on the now

unopposed motion closed on May 27, 2021, the Court vacated the June 10, 2021 hearing. Dkt. No. 16; *see also* LR 7.1(c). This order follows.

## LEGAL STANDARD

Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to *Ashcroft v. Iqbal*, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*.

Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief, as required by Rule 8(a)(2). *Id*. at 679.

## **DISCUSSION**

In addition to state tort claims, Rivera brings claims under Section 1983 of Title 42 of the United States Code ("Section 1983"), alleging his rights under the United States Constitution and Hawaiʻi State Constitution have been violated. Because the State Defendants are clearly immune from each of Rivera's constitutional claims, and because this Court lacks jurisdiction to hear Rivera's tort claims, the State Defendants' motion to dismiss is GRANTED.

Unless a state unequivocally waives its sovereign immunity or Congress otherwise overrides it, "the Eleventh Amendment [to the United States Constitution] bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citation omitted); *accord Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–03 (1984).

Count I of Rivera's complaint, brought pursuant to Section 1983 and alleging violations of the Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States and Hawaiʻi Constitutions, is dismissed against the State Defendants because a state, its agencies, and state officials acting in their official capacities are not subject to liability under Section 1983 for violations of rights guaranteed by the Federal or State Constitution. *See Will v. Michigan Dep't of State Police*, 491 U.S. 71 (1989) ("neither a State nor its officials acting in their official capacities are

'persons' under [Section] 1983"); *Browne v. City and Cty. of Honolulu*, 2019 WL 5088737, at *2 (D. Haw. Oct. 10, 2019) ("Hawai'i courts have not recognized a claim for personal damages with respect to alleged State constitutional violations" (citing *Figueroa v. State*, 604 P.2d 1198, 1205-07 (Haw. 1979)).

Count VI, entitled "*respondeat superior* and/or vicarious liability" and which seeks to hold the State Defendants liable for the actions of Craig and Cabral, must be dismissed because, under Section 1983, a state may not be held liable on a theory of *respondeat superior* for the actions of its agents. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("There is no *respondeat superior* liability under [S]ection 1983.") (citation omitted). Count V, which alleges municipal liability, must likewise be dismissed because neither the State nor DPS is a municipality subject to Section 1983 liability. *See Monell v. Dep't of Soc. Servs. Of City of New York*, 436 U.S. 658, 690 (1978) (holding that a *municipality*—not a state—is subject to suit pursuant to Section 1983).

Rivera's tort claims fare no better. Though the Hawai'i Tort Claims Act allows tort suits against the State, Haw. Rev. Stat. § 662-2, it grants jurisdiction

over those claims only to State courts. Haw. Rev. Stat. § 662-3;[1] *see also Lawrence v. Hawaiʻi Air Nat. Guard*, 126 F. App'x 835, 837 (9th Cir. 2005) ("Hawaiʻi's waiver of sovereign immunity [pursuant to Haw. Rev. Stat. § 662-2] is limited only to its state circuit and district courts, not to the federal courts."); *Off. of Hawaiian Affs. v. Dep't of Educ.*, 951 F. Supp. 1484, 1491 (D. Haw. 1996) (citing legislative history explicitly rejecting Federal jurisdiction over tort claims against the State). "[T]he [Supreme] Court consistently has held that a State's waiver of sovereign immunity in its own courts is not a waiver of the Eleventh Amendment immunity in the federal courts." *Pennhurst State Sch. & Hosp*, 465 U.S. at 100 n.9 (citation omitted). Accordingly, Rivera's tort claims in Counts II, III, and IV are dismissed as against the State Defendants.

//
//
//
//
//
//

---

[1] Haw Rev. Stat. § 662-3 reads:

> The circuit courts of the State and, except as otherwise provided by statute or rule, the state district courts shall have original jurisdiction of all tort actions on claims against the State, for money damages, accruing on and after July 1, 1957, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the State while acting within the scope of the employee's office or employment.

## CONCLUSION

For the foregoing reasons, the State Defendants' motion to dismiss, Dkt. No. 11, is GRANTED.  All claims against the State and DPS[2] are DISMISSED.  Because the Court finds amendment would be futile, DISMISSAL is WITH PREJUDICE.  To be clear, only Counts I, II, III, and IV as against Craig and Cabral in their individual capacities survive this order.

IT IS SO ORDERED.

Dated: June 1, 2021 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Rivera v. State of Hawaii, et al.*, Civil No. 20-00497-DKW-KJM; **ORDER GRANTING ENTITY DEFENDANTS' MOTION TO DISMISS**

---

[2] Because claims against state officials in their official capacities are no different from claims against the state itself, all claims against Defendants Craig and Cabral in their official capacities are likewise DISMISSED.  *See Melendres v. Arpaio*, 784 F.3d 1254, 1260 (9th Cir. 2015) (explaining that a claim against a government official "in his official capacity 'is, in all respects other than name, to be treated as a suit against the entity'" (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)).